**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KATHERINE WHITMIRE,                                                                              PLAINTIFF

v.                                          5:10-cv-00072-JMM-JJV

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Katherine Whitmire, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income (SSI), based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

---

[1]Plaintiff actually filed a Motion for Summary Judgment and a Brief in Support, a practice no longer followed in this Court. (Docket Nos. 15-16).  The Court will construe the Brief in Support as an appeal brief.

1

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by nerve problems, carpal tunnel syndrome, back problems and intellectual deficiency.  (Tr. 146).  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from March 3, 2006,[3] through September 11, 2009, the date of his decision.  (Tr. 19-21).  On January 29, 2010, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6).  Plaintiff then filed her complaint initiating this appeal.  (Docket No. 2).

---

[2]The Hon. David L. Knowles.

[3]On her application, Plaintiff alleged an onset date of March 1, 2001.  (Tr. 73).  March 3, 2006, is the day after a prior adverse determination on the issue of disability.  (Tr. 294).  At the hearing, Plaintiff amended her onset date.  (Tr. 295).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 35 years old at the time of the hearing. (Tr. 295). She obtained a General Equivalency Diploma. (Tr. 296). She has no past relevant work. (Tr. 16, 20).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2008). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at § 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.* at § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.* at § 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.* § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.* § 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 16). He found Plaintiff had "severe" impairments, asthma, carpal tunnel syndrome, osteoarthritis, hypertension and obesity. *Id.* He determined she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 18). He judged that Plaintiff's

3

allegations regarding her limitations were not fully credible.  (Tr. 16).

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of light work, in an air-conditioned environment without exposure to small amounts of dust, fumes, odors or more than normal heat.  (Tr. 19).  He determined that she had no past relevant work.[4]  (Tr. 16).  The ALJ correctly noted that, once Plaintiff was determined to have no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 19). Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, small parts assembler and cashier.  *Id.*  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

Plaintiff argues the ALJ did not accord adequate weight to the opinion of her treating physician and consulting physician and failed to comply with 20 C.F.R. § 404.1527.[5]  (Br. 8-13). She also argues that his residual functional capacity was not supported by the treating physician's opinion or that of the consulting physician or the vocational expert.  Because those two arguments dove-tail, the Court will discuss them together.

On May 13, 2009, Jennifer Dukes, M.D., completed a "Residual Functional Capacity Form for the Social Security Administration."  (Tr. 168-69).  She marked "yes" in answers to questions "Will your patient sometimes need to take unscheduled breaks in a workday, related to asthma and side effects of prescription medications?" and "Claimant has chronic conditions to the extent that it prevents her from working eight (8) hours per day, five (5) days per week, on a regular, sustained basis?"  (Tr. 168).

As a preliminary matter, there appears to be some question whether Dr. Dukes should be

---

[4]There is at least some evidence that she had past relevant work.  She told Charles M. Spellman, Ph.D., that she had worked as a nurse's aide for one year in 1999, and for two years prior to that at a daycare center.  (Tr. 252).

[5]That regulation deals with Disability Insurance benefits.  The parallel regulation for SSI is 20 C.F.R. § 416.927.

deemed a "treating physician."  It appears from the record that she saw Plaintiff five times: October 30, 2007 (Tr. 199), March 28, 2008 (Tr. 185), April 24, 2008 (Tr. 184), January 7, 2009 (Tr. 163-65) and February 3, 2009 (Tr. 160-62).[6]  *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (doctor had only met with patient on three occasions when she filled out checklist).  "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."  20 C.F.R. § 416.927(d)(2)(i) (2008).  Other physicians in the same clinic had seen her as often, if not more.  (Tr. 171-81, 189-90, 202-04, 209-11, 221-22).  For the purpose of this argument, the Court will assume that Dr. Dukes can rightly be deemed a treating physician.

The ALJ noted Dr. Dukes' answers on the checklist, but found them inconsistent with her underlying medical records, which showed asthma controlled with medication, few symptoms from carpal tunnel syndrome, depression that was not severe with medication, and osteoarthritis treated with medication and with few complaints.  (Tr. 18).

In addition, residual functional capacity checklists such as the one completed by Dr. Dukes, although admissible, are entitled to little weight in the evaluation of disability.  *E.g., Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *O'Leary v. Schweiker*, 720 F.2d 1334, 1341 (8th Cir. 1983); *see Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (ALJ properly discounted treating physician's opinion consisting of three checklist forms which cited no medical evidence and provided little to no elaboration); *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

Furthermore, Dr. Dukes' opinion that Plaintiff was not able to work was not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner.  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002); *Flynn v. Chater*, 107

---

[6]The transcript page numbers for most of the individual exhibits are not included on the List of Exhibits.  (Tr. 1).  The Commissioner's usual practice is to include page numbers for each exhibit.  That practice is helpful to the Court and, no doubt, to the attorneys for the respective parties.  It should be followed in all transcripts.

F.3d 617, 622 (8th Cir. 1997).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

Social Security Ruling 96-5p, at 5.

The ALJ's treatment of the residual functional capacity checklist and the opinions in it was proper and supported by substantial evidence.

Plaintiff further argues the ALJ "failed to mention or discuss" the opinion of consulting physician Bill F. Payne. (Br. 10). That argument lacks merit. In his opinion, the ALJ stated:

> In determining the claimant's residual functional capacity to work, despite her impairments, the undersigned also considered the opinion of state agency medical consultants regarding the nature and severity of the claimant's impairment. In this case [a] Disability Determination Services physician opined that the claimant was capable of a full range of medium exertional activity which requires her to lift up to fifty pounds occasionally and twenty-five pounds frequently, while sitting or standing/walking up to six hours each in an eight-hour workday. (Exhibit B-1F, pp. 30-7.) This opinion did not include any other impairments but carpal tunnel syndrome. The claimant's osteoarthritis and other impairments would reduce the claimant's exertional and nonexertional limitations, although not limit her from sustaining work.

(Tr. 19).

Plaintiff argues that ALJ did not "properly evaluate" Dr. Dukes' opinion under the regulation. (Br. 12). However, she does not specify how the ALJ failed to properly evaluate the opinion under the regulation. Such a failure to flesh out an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992)(citations

omitted); *accord, Rotskoff v. Cooley*, 438 F.3d 852, 854-55 (8th Cir. 2006) (issue deemed abandoned when not developed in brief); *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings).

In any event, the Court has reviewed the regulation at issue and the ALJ's analysis, which properly followed the regulation.

Finally, Plaintiff argues the residual functional capacity determination was inconsistent with vocational expert testimony. It was not. The ALJ properly made a credibility determination, then reached his residual functional capacity determination and fashioned a hypothetical question for the vocational expert based on that residual functional capacity determination.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this <u>6th</u> day of <u>December</u>, <u>2010</u>.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE